UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | Crim. No. 6:09-cr-00067-GFVT-HAI-2 |
| v. | ) ) ) | |
| JEFFREY LEE MCDANIEL, | ) | **ORDER** |
| Defendant. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram. [R. 134.] Defendant Jeffrey Lee McDaniel has been charged with violating his terms of supervised release. In May of 2010, this Court sentenced Mr. McDaniel to 176 months imprisonment (later reduced to 141 months) followed by a five-year term of supervised release following his guilty plea to five counts related to methamphetamine and firearms charges. [R. 65.]

Mr. McDaniel began his term of supervised release on January 10, 2020. Nine months later, on October 23, 2020, the USPO issued a Supervised Release Violation Report that charged Mr. McDaniel with three violations. Two of the violations, however, were dismissed on the Government's motion at Mr. McDaniel's preliminary hearing on February 25, 2021. The remaining violation was a Grade C violation for failing to notify a probation officer at least ten days prior to any change in residence or employment. Further, on November 13, 2020, the USPO issued an Addendum charging an additional Grade C violation of failing to submit to drug testing at the direction of his probation officer.

Judge Ingram conducted an initial appearance on November 13, 2020 and Mr. McDaniel requested a preliminary hearing which was eventually converted into a detention hearing. [*Id.*] At the December 11 detention hearing, Judge Stinnett found that Mr. McDaniel failed to satisfy the burden under 18 U.S.C. § 3143(a) and remanded Mr. McDaniel into custody. [*Id.*]

At his final hearing on March 3, 2021, Mr. McDaniel entered a knowing, voluntary, and intelligent stipulation to both violations. [*Id.*] After the final hearing, Judge Ingram carefully reviewed the entire record and considered the section 3553 factors in making his recommended disposition. Judge Ingram determined that Mr. McDaniel's admitted violations would qualify as Grade C violations, and given Mr. McDaniel's criminal history category of IV, his imprisonment range under USSG § 7B1.4(a) was six to twelve months. [*Id.* at 4.] In making his recommendation, Judge Ingram considered: (1) the seriousness of Mr. McDaniel's underlying drug and gun charges; (2) Mr. McDaniel's clear risk of committing further crimes, given his history of drug abuse and aggravated criminal behavior; (3) and the lack of any need for education or treatment. [*Id.*] Consequently, Judge Ingram made the following recommendations: (1) Mr. McDaniel be found guilty of both violations; (2) Mr. McDaniel should have his supervised release revoked and that this Court shall impose a term of imprisonment of six months, followed by the remainder of Defendant's existing term of supervision under the conditions previously imposed. [*Id.* at 7.]

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. [*Id.*]; *see* 28 U.S.C. § 636(b)(1). Mr. McDaniel has not filed any objections to Judge Ingram's Report and Recommendation and has provided a Waiver of Allocution. [R. 136.]

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review… a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn,* 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing to a district court's order adopting that report and recommendation. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition.

Accordingly, it is hereby **ORDERED** as follows:

1. The Report and Recommendation made as to Defendant Jeffrey Lee McDaniel **[R. 134]** is **ADOPTED** as and for the opinion of the Court;

2. Mr. McDaniel is found **GUILTY** of both violations;

3. Mr. McDaniel's previously scheduled allocution hearing is **CANCELLED**;

4. Mr. McDaniel's supervised release is **REVOKED**;

5. Mr. McDaniel is hereby sentenced to the Custody of the Bureau of Prisons for a term of imprisonment of **six (6) months**, followed by the remainder of Defendant's existing term of supervision under the conditions previously imposed;

6. Judgment shall enter promptly.

This is the 10th day of May, 2021.



Gregory F. Van Tatenhove
United States District Judge